**Jason K. Singleton**, State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski**, State Bar # 236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
611 "L" Street, Suite A
Eureka, CA 95501

(707) 441-1177
FAX 441-1533

Attorney for Plaintiff, MARCY VELASQUEZ

TYLER M. PAETKAU, Bar No. 146305
JORJA E. JACKSON, Bar No. 226707
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:  415.433.1940

Attorneys for Defendant
NAYEF Y. ABOUSOUD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCY VELASQUEZ,<br><br>        Plaintiff,<br>v.<br><br>NAYEF Y. ABOUSOUD, individually and dba E&J LIQUOR & DELI, and DOES ONE to FIFTY, inclusive,<br><br>        Defendants. | Case No. C-07-5857 JCS<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>DATE:  July 18, 2008<br>TIME:   1:30 p.m.<br>CTRM:  A, 15TH FLOOR |

The parties to the above-entitled action jointly submit this Case Management Statement and request the Court to adopt it as its Case Management Order in this case.

**1.**    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

**Plaintiff, as a qualified disabled American, brings this action under Title 24 of the California *Code of Regulations* and *Unruh Civil Rights Act*, the *Americans With Disabilities Act*, specifically Title III, as a result of Defendant's alleged failure to provide access to its facility and services to Plaintiff.**

**There are no issues over personal jurisdiction or venue and all parties have been served.**

**2.** <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

**Plaintiff visited Defendant's business premises and encountered barriers to access. Plaintiff wrote to Defendant prior to filing the within suit requesting they remove the barriers. No response was received from Defendant's and no barriers were removed and Plaintiff filed suit.**

**Defendant contends that after Plaintiff's alleged visit on August 27, 2007, Plaintiff allegedly sent her standard form demand letter addressed to E&J Liquors, complaining of accessibility issues that she allegedly encountered during her alleged visit. Due to the owner being in surgery at the time the letter was sent, he was unable to respond to Plaintiff's claims and could therefore not address Plaintiff's complaints. Defendant contends that there are no barriers, it has remedied any outstanding barrier issues, and any other alleged barriers or accessibility issues are not its responsibility.**

**The parties met at the business premises and conducted a joint site inspection. The parties met and conferred after the site inspection and discussed the inspection report. No resolution was reached.**

**The parties attended court ordered mediation and no resolution was reached.**

**Plaintiff desires to proceed with discovery to determine Defendant's**

**role in the barrier removal and financial condition to accomplish the barrier removal. Defendant also wishes to proceed with discovery to dispel any claims of accessibility issues and alleged barriers, as well as to identify the motives leading to Plaintiff's lawsuit including her extensive litigation history and extortionate tactics.**

**3.** Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

**Defendant contends that it is entitled to its legal expenses incurred in defending Plaintiff's frivolous and extortionate lawsuit, and seeks to have that Plaintiff and her counsel declared vexatious litigants under C.D. Cal. Local Rule 83-8.2;** *Molski v. Mandarin Touch Restaurant* **(C.D. Cal. 2004) 347 F.Supp.2d 860, 867.**

**4.** Motions: All prior and pending motions, their current status, and any anticipated motions.

**No motions are currently before the Court. Plaintiff intends to file a motion for Summary Judgment at the close of discovery. Defendant also intends to file a motion for Summary Judgment at the close of discovery, and a motion for attorneys' fees and costs.**

**5.** Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

**Plaintiff does not anticipate any amendments. Defendant also does not anticipate any amendments to its Answer at this time.**

**6.** Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**To the best of their knowledge the parties hereto have fully complied with the evidence preservation requirements.**

**7.** Disclosures: Whether there has been full and timely compliance with the initial

disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

**Disclosures were made during the joint inspection and mediation processes. Any further disclosures will be made upon discovery thereof.**

**8.** Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

**The parties conducted a joint site inspection of the business premises which is the subject of this action and have met and conferred and have been unable to reach any type of agreement on which barriers need to be addressed by Defendant.**

**The parties request no limitations on discovery other than set forth in F.R.C.P. Rule 26, with the cut-off dates as proposed in #17 hereafter.**

**The parties request that expert witness and Rule 26(a)(2) disclosures be made 90 days before trial and that rebuttal expert disclosures be made 30 days thereafter.**

**9.** Class Actions: If a class action, a proposal for how and when the class will be certified.

**N/A**

**10.** Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**None**

**11.** Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

**Plaintiff seeks to have the barriers to access removed so she has full and equal access to the business as is available to other persons; statutory compensation and attorney fees and costs as provided for under *California Disabled Persons Act* and the *Unruh Civil Rights Act*.**

        **Following trial, Defendant will request costs of suit and attorneys' fees and a judicial declaration that Plaintiff and her counsel are vexatious litigants.**

**12.**   <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

        **The parties have participated in mediation on June 2, 2008, and were unable to reach settlement.**

**13.**   <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

        **The parties have consented to the assignment of a Magistrate Judge.**

**14.**   <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

        **Plaintiff states case is not suitable for such reference.**

**15.**   <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

        **For Plaintiff:**

        **1.**   **That Plaintiff is disabled;**

        **2.**   **That Plaintiff experienced barriers to access at Defendant's facility.**

        **For Defendant:**

        **1.**   **That Plaintiff and her counsel are vexatious litigants.**

        **2.**   **That Plaintiff did not suffer any compensable damages.**

        **3.**   **That Plaintiff and her counsel filed this lawsuit for an improper purpose: to attempt to extort money from Defendant despite suffering no compensable damages and despite encountering no access barriers.**

**16.** Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

**N/A**

**17.** Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

| | |
|---|---|
| Non-Expert Discovery Cut-off | **December 7, 2008** |
| Designation of Experts: | **February 5, 2009** |
| Rebuttal: | **March 6, 2009** |
| Expert Discovery Cut-off | **April 6, 2009** |
| Dispositive Motions - Last Day for Hearing: | **April 20, 2009** |
| Final Pretrial | **April 15, 2009** |
| Trial | **May 5, 2009** |

**18.** Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

  **a.  Plaintiff timely requested a Jury Trial and anticipates it will take  4  days; Plaintiff anticipates calling     4     witnesses.**

  **b.  Defendants anticipate trial will take  4  days; Defendants anticipate calling  5  additional witnesses.**

**19.** Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

  **Both Plaintiff and Defendant are individuals.**

**20.** Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

**SINGLETON LAW GROUP**

Dated:  July 9, 2007   /s/ Jason K. Singleton
Jason K. Singleton,
Richard E. Grabowski, Attorneys for
Plaintiff, **MARCY VELASQUEZ**

**LITTLER MENDELSON**

Dated:  July 9, 2007   /s/ Jorja E. Jackson
Tyler M. Paetkau,
Jorja E. Jackson, Attorneys for Defendant,
**NAYEF Y. ABOUSOUD, dba E&J LIQUORS**